IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 1:03-cr-00059-MP-AK

SUSAN DYE MUMMAU,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Doc. 183, Motion to Vacate under 28 U.S.C. § 2255, by Susan Dye Mummau. Defendant is represented by counsel. The Government has filed a response, Doc. 186, and the time for filing a reply has long since expired. This cause is therefore in a posture for decision. Having carefully considered the matter, the Court recommends that the motion to vacate be denied.

Defendant pled guilty to conspiracy to manufacture, distribute, and possess with intent to distribute more than one thousand marijuana plants. Docs. 34, 78, 81, & 82. At the change of plea hearing, however, the Government conceded that Defendant's involvement in the conspiracy was limited to more than one hundred but less than one thousand plants, which placed her minimum mandatory sentence at five years imprisonment with a maximum penalty of forty years. Doc. 185 at 22-23.

On May 20, 2004, Defendant appeared for sentencing. Her attorney, Jon Uman, agreed that the appropriate sentencing range, after the safety-valve provision was applied, was 24-30 months. Doc. 182 at 3. He nevertheless argued for a downward departure for pre-investigation and pre-arrest rehabilitation and for lack of opportunity to cooperate. *Id*. at 4. After hearing

counsel's arguments, the Court concluded that without a 5K1.1 motion, it did not find "any basis for a departure that has not already been adequately covered or taken into consideration by the guidelines." *Id.* at 25.  The Court therefore concluded:  "I have got the guidelines and I have got to stay with the guidelines because I find no legal basis to depart." *Id.*  The Court then sentenced Defendant to 24 months imprisonment, "the low end of the guidelines."  Defendant did not appeal this sentence.  She was released from confinement on March 21, 2006, http://www.bop.gov/iloc2/LocateInmate.jsp, and is presently serving a 4-year period of supervised release.

At the time of Defendant's sentencing, *Blakely*, which involved the constitutionality of state sentencing guidelines, was pending decision in the United States Supreme Court.   The opinion in *Blakely* was finally issued on June 24, 2004, exactly thirty days later.  *Booker*, which found *Blakely* applicable to the Federal Sentencing Guidelines, was not decided until January 12, 2005.

On this occasion, Defendant argues that she should be resentenced based on the Court's conclusion that the Sentencing Guidelines were mandatory, a decision which constituted plain error that was not harmless.  She also argues that her attorney was ineffective for failing to challenge her sentence on *Blakely* grounds.

Neither *Blakely* nor *Booker* applies to matters on collateral review, as "*Booker*'s constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review." *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005).   Further, at the time that Defendant was sentenced, *Apprendi* controlled and had been interpreted by this circuit as having no applicability to the Sentencing

Guidelines. *United States v. Sanchez*, 269 F.3d 1250, 1262 (11th Cir. 2001). Even after *Blakely*, the Eleventh Circuit persisted in finding it inapplicable to the Sentencing Guidelines. *United States v. Reese*, 382 F.3d 1308, 1312 (11th Cir. 2004). Though *Reese* was later vacated in light of *Booker*, it remained the law of the Eleventh Circuit for months after Defendant's sentencing. Thus, if the Eleventh Circuit could not foresee the applicability of *Blakely* to the Sentencing Guidelines, then counsel should not be faulted for being equally devoid of such clairvoyance.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's motion to vacate, Doc. 183, be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this __*1st*__ day of August, 2007.

    *s/ A. KORNBLUM*
    **ALLAN KORNBLUM**
    **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**